# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:12cv23

| ROGER D. ORR, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) |
|  | ) **MEMORANDUM AND** |
| CAROLYN W. COLVIN, | ) **RECOMMENDATION** |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability insurance benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 10 & # 14]. The Court **RECOMMENDS** that the District Court **DENY** the Plaintiff's Motion for Summary Judgment [# 10], **GRANT** the Commissioner's Motion for Summary Judgment [# 14], and **AFFIRM** the Commissioner's decision in this case.

## I. Procedural History

Plaintiff filed an application for disability insurance benefits on March 29, 2007. (Transcript of Administrative Record ("T.") 79.) Plaintiff alleged an onset

date of February 3, 2007. (T. 79.) The Social Security Administration denied Plaintiff's claim, and no further action was taken by Plaintiff. (T. 58-61.)

Subsequently, Plaintiff filed another application for disability insurance benefits on October 23, 2008. (T. 83.) In the second application, Plaintiff alleged an onset date of August 23, 2006. (T. 83.) The Social Security Administration denied Plaintiff's claim. (T. 64.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 70.) Plaintiff also filed a motion to reopen the prior determination (T. 74-77.)

A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 385-435.) The ALJ first granted the motion to reopen and reopened the prior determination. (T. 36.) The ALJ then issued a decision finding that Plaintiff was not disabled from August 23, 2006, through December 31, 2006, the date last insured.[1] (T. 44.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 1-3.) As part of the request for review, Plaintiff also submitted new evidence to the Appeals Council, which the Appeals Council considered but ultimately determined that it did not provide a basis for changing the decision of the ALJ. (T. 5.) Plaintiff then brought this action seeking

---

[1] Plaintiff acquired the number of quarters of coverage to remain insured for disability insurance benefits through December 31, 2006. (T. 91, 119.) Accordingly, Plaintiff had to establish that he was disabled on or before December 31, 2006, the date last insured, in order to obtain disability benefits. See 20 C.F.R. §§ 404.101, 404.130, 404.131.

review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and

416.920(a).

### III. The ALJ's Decision

In her July 23, 2010, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (T. 44.) The ALJ made the following specific findings:

(1) The claimant last met the insured status requirements of the Social Security Act on December 31, 2006.

(2) The claimant did not engage in substantial gainful activity during the period August 23, 2006, his alleged onset date of disability, through his date last insured, December 31, 2006 (20 CFR 404.1571 *et seq.*)

(3) Through the date last insured, the claimant had the following severe impairments: back strain (20 CFR 404.1520(c)).

(4) Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

(5) After careful consideration of the entire record, I find that through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except for climbing ladders, crouching on more than an occasional basis, and needing to avoid concentrated exposure to hazards, moving machinery, and unprotected heights.

(6) Through the date last insured, the claimant was capable of performing past relevant work as a safety officer, housekeeper, heavy equipment operator, and owner and operator of a

> convenience store. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

(7) The claimant was not under a disability, as defined in the Social Security Act, at any time from August 23, 2006, the alleged onset date, through December 31, 2006, the date last insured (20 CFR 404.1520(f)).

(T. 38-44.)

### IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but,

rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached her decision based on the correct application of the law. Id.

V. **Analysis**[2]

A. **The ALJ Properly Developed the Record**

The ALJ is required "to explore all relevant facts and inquire into the issues necessary for adequate development of the record . . ." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). The Commissioner also has the responsibility of developing the complete medical history for the claimant. 20 C.F.R. § 404.1512(d). In addition, where the evidence submitted by the claimant is inadequate to make a decision as to whether the claimant is disabled, the ALJ cannot rely on this evidence alone. Id. "Where the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." Marsh v. Harris, 632 F.2d 296, 300 (4th Cir. 1980).

Plaintiff contends that the ALJ erred by failing to fully and fairly develop the record because she did not make reasonable efforts to obtain Plaintiff's medical records related to Plaintiff's anxiety and depression. The record before the ALJ,

---

[2] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

however, was sufficiently complete for the ALJ to render a decision as to whether Plaintiff was disabled; the ALJ did not fail in her duty to adequately develop the record. In fact, Plaintiff has not even indicated what relevant medical records are missing from the record that the ALJ should have attempted to obtain prior to rendering her decision. Moreover, Plaintiff's wife testified that Plaintiff never even went to the doctor. (T. 429.) Finally, this is not a situation involving an individual proceeding *pro se*; Plaintiff was represented by an attorney at the administrative level. See Smith v. Astrue, Civil No. 2:11-CV-025-MR-DCK2012 WL 3191296, at *5 (W.D.N.C. Jul. 3, 2012) (Keesler, Mag. J.) ("The courts have clearly found that, where a plaintiff is represented by an attorney at a hearing before an ALJ, the ALJ's duty to ensure that the record is fully and fairly developed is relaxed.") (internal quotation and citation omitted)). Because the medical records in this case were reasonably complete, the ALJ did not err by failing to obtain any additional medical records or otherwise failing to fully develop the record.

### B. The ALJ Properly Determined that Plaintiff was not Disabled During the Relevant Time Period

Where an ALJ determines that an individual is disabled, he or she must also establish the onset date of the disability. SSR 83-20, 1983 WL 31249, at *1 (SSA

1983). When the ALJ must infer the onset date because of the lack of evidence in the record, the ALJ should call on the services of a medical advisor to assist in the determination. SSR 83-20, 1983 WL 31249, at *3. As the Fourth Circuit has explained, however, SSR 83-20 "does not expressly mandate that the ALJ consult a medical advisor in every case where the onset of disability must be inferred." Bailey v. Chater, 68 F.3d 75, 79 (4th Cir. 1995). Instead, the ALJ must obtain the assistance of a medical advisory whether the evidence of onset is ambiguous. Id.

As a threshold matter, the Court notes that the ALJ did not determine that Plaintiff's anxiety and depression where in fact disabling, triggering the need to determine the onset date of a disabling impairment. See Hall v. Astrue, No. 2:11cv24, 2012 WL 1313242, at *4 (W.D.N.C. Marc. 26, 2012) (Howell, Mag. J.); Temple v. Colvin, No. 7:12-cv-290-BO, 2013 WL 6410384, at *2 (E.D.N.C. Dec. 9, 2013). Even assuming that Plaintiff's mental impairments were disabling, the evidence of the onset date was not ambiguous and there was no need for the ALJ to infer Plaintiff's onset date. Rather, the ALJ relied on the evidence in the record documenting the progression of Plaintiff's mental impairments. The evidence before the ALJ reflected that the onset date of Plaintiff's mental impairments began in 2007 when Plaintiff experienced health problems. (See e.g., T. 235, 353.) There are no medical records reflecting any mental impairments prior to December

31, 2006, the date last insured. Put simply, there was no ambiguity as to the onset date of a disabling impairment before the ALJ that would have required her to procure the assistance of a medical advisor.

The August 24, 2010, consultative psychological evaluation Plaintiff's counsel submitted to the Appeals Council after the ALJ rendered her decision does not dictate a different result. As the Appeals Council noted, the evaluation by Dr. Marcus was a one-time evaluation performed more than three and a half years after Plaintiff's date last insured. (T. 5, 15-26.) And while Dr. Marcus opined that Plaintiff suffered from the mental impairments since August 23, 2006 (T. 31), the medical evidence in the record and the medical evidence Dr. Marcus relied upon do not support such a determination. In fact, the report fails to cite any medical evidence related to the time prior to Plaintiff's date last insured. (See T. 15-26.) Accordingly, the submission of the evaluation to the Appeals Council did not create an ambiguity that would require remand so that the ALJ could call a medical advisor to assistant in determining the onset date of a disabling impairment.

Finally, Bird v. Comm'n of Soc. Sec. Admin., 669 F.3d 337 (4th Cir. 2012), does not dictate a different result in this case. Although in some circumstances the ALJ should give retrospective consideration to medical evaluations and reports made after a claimant's insured status has expired, Bird, 669 F.3d at 340-41, the

facts of this case do not give rise to such a situation. As previously explained, the record contains no medical evidence of Plaintiff's mental impairments prior to his date last insured. Instead, the medical evidence reflects that Plaintiff's anxiety and depression were caused by his hospitalization and medical problems in February 2007. Unlike the reports at issue in <u>Bird</u>, the report submitted by Dr. Marcus to the Appeals Council simply does not permit an inference of linkage with Plaintiff's condition prior to the date last insured. See <u>Bird</u>, 699 F.3d at 431. The Court finds that the decision of the ALJ was supported by substantial evidence in the record and remand is not required in this case.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14], **DENY** Plaintiff's Motion for Summary Judgment [# 10], and **AFFIRM** the Commissioner's decision.

Signed: January 27, 2014

*[signature]*

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).