UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
DOCKET NO. 2:12-cv-00023-MOC-DLH

| | | |
|---|---|---|
| **ROGER D. ORR,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed as well as a response to such Objections.

In this case, after an extensive analysis, the Magistrate Judge concluded that the ALJ properly developed the record below and that the ALJ's determination that plaintiff was not disabled during the relevant time period was supported by substantial evidence. Relevant to the objections here filed, the Magistrate Judge determined that, before the ALJ, there was no ambiguity as to the onset date of a disabling impairment that would have required her to procure the assistance of a medical advisor and that there were no medical records reflecting any mental impairments prior to December 31, 2006, plaintiff's date last insured. Finally, the magistrate judge considered Bird v. Comm'n of Soc. Sec. Admin., 669 F.3d 337 (4th Cir. 2012), and found that such decision did not

1

dictate a different result. Acknowledging that in some circumstances the ALJ should give retrospective consideration to medical evaluations and reports made after a claimant's insured status has expired, Bird, 669 F.3d at 340-41, the Magistrate Judge found that the facts of this case did not give rise to such a situation as the record contains no medical evidence of plaintiff's mental impairments prior to his date last insured, but, instead, suggest that plaintiff's anxiety and depression were caused by his hospitalization and medical problems with his first hospitalization in 2007, at which time he underwent a cholecystectomy.

In his objection, plaintiff takes exception to such determination concerning onset and cites the court to statements he made to providers when hospitalized in May 2007. Objection (#17) at 1-2. Specifically, plaintiff contends that such records indicate that he had symptoms of depression, poor concentration, anxiety and agitation over the previous seven years, which he attributed to his loss of his business and the dissolution of his marriage. Id. (citing Administrative Record ("A.R.") at 234). While plaintiff has accurately reflected the patient history he gave upon his May 2007 hospitalization, the impression by his physician on the very next page of the Administrative Record was of symptoms consistent with major depressive disorder "in the context of his current stressors of gastrointestinal complications and financial difficulties." A.R. at 235.

In further support of such objection, plaintiff points to evidence he developed after the ALJ issued her decision, including a Mental Residual Functional Capacity Questionnaire and a Psychological Evaluation completed by Dr. Karen Marcus, Psy. D. In part, Dr. Marcus found that:

> David's presentation and reported history seem to illustrate a long-standing Personality Disorder…. Records indicated in 2007 a past history of anxiety/depression and he has in more recent years started treatment….It is also very likely that his mood/affective problems have existed for many years, regardless of whether he has had treatment. David has a history of sleep problems dating back at least since about 2006.

A.R. at 23-24. Dr. Marcus also completed the Mental Residual Functional Capacity Questionnaire and stated that plaintiff had a number of limitations (some indicating an inability to meet competitive standards) due to his mental impairments. A.R. at 27-31. She opined that these limitations existed since August 23, 2006 A.R. at 31. After receiving such reports more than a month after the ALJ issued her decision, plaintiff submitted such additional evidence to the Appeals Council, which denied review.

In rejecting such report, the Appeals Council concluded that this report was a one-time evaluation performed more than three and a half years after plaintiff's date last insured. A.R. at 5. Further, the report does not reference any medical records that predate plaintiff's date last insured that were considered by Dr. Marcus. Finally, while Dr. Marcus states that plaintiff was prescribed antidepressant and antianxiety medications since about 2006, A.R. at 24, such conclusion finds no support in plaintiff's medical record as it appears that he was first prescribed such medication in February 2007 after his hospitalization for intestinal problems. A.R. at 234. Clearly, the Appeals Council properly gave such opinion little weight. Bradshaw v. Astrue, No. 2:08cv033, 2011 WL 4344538, at *6 (W.D.N.C. Sept. 15, 2011) (indicating that the ALJ properly gave little weight to the opinion of a consultative examiner where the opinion was inconsistent with other medical evidence of record). Clearly, such opinion was based on plaintiff's own

reports concerning his medical history, medical records dated after plaintiff's date last insured, and testing that occurred almost four years after plaintiff's date last insured. The court does not find that such opinion supports a result different than that reached by the Commissioner as the Appeals Council properly did not fully credit that report. The court overrules plaintiff's Objections.

***

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review of the entire Memorandum and Recommendation, the decision of ALJ Alice Jordan, the final Notice of the Appeals Council Action, plaintiff's Objections, and the opinions and Questionnaire of Dr. Marcus, the court determines that

4

the recommendation of the Magistrate Judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Objections (#17) are **OVERRULED**, the Memorandum and Recommendation (#16) is **AFFIRMED,** plaintiff's Motion for Summary Judgment (#10) is **DENIED**, the Commissioner's Motion for Summary Judgment (#14) is **GRANTED,** and the final decision of the Commissioner denying plaintiff's application is **AFFIRMED**.

Signed: 2/27/2014

Max O. Cogburn Jr.
United States District Judge